# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARKESHA MONIQUE CHASE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 13-CV-219-JED-TLW |
| | ) |
| **CHRIS L. DIVINE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

The Court has for its consideration the Motion to Dismiss filed by defendant Chris L. Devine (Doc. 10) and adopted by defendant Jerry D. Hillburn (Doc. 26).

**I.     Background**

Plaintiff, Markesha Monique Chase, initiated this action on April 15, 2013 by filing a one-page Complaint (Doc. 1). There, plaintiff named Chris L. Divine, Jerry McGreger, Greg Palmer, and Teri King as defendants, and she asserted that jurisdiction was founded on "claim work hours." (*Id.*). Her factual allegations consisted of the following:

> The was a transfer of works hours dealing in the matter of hours achieved based on a scale of filing stats I would like to retrieve the hours worked during the years 1995 of November all the way through 1997 till the month of December. . . .
>
> Jerry McGreger was helping me to make a legit transfer into my social security account on the grounds I was working under two different employee Identification number which are as follows ***370; ***370 this one is one I have computes with managing my account ***170.

(*Id.*). Under "Request for Relief," she did not identify any relief sought. (*See id.*).[1]

On April 18, 2013, plaintiff filed an Amended Complaint (Doc. 4). The Amended Complaint no longer listed Greg McGreger or Greg Palmer as defendants, but plaintiff added CT

---

[1]     Plaintiff's allegations are set forth herein as they appear in her filings, without the addition of [sic] throughout.

Corporation as a defendant. (*Id.*). The Court Clerk issued summonses for all named defendants.

In the Amended Complaint, the factual allegations were as follows:

> There was a transfer of hours worked by me into an account that currently needs to be review, based on hours achieved and work I should be full compensated. I worked **during the years of 1995 of the month of November and all of 1997 through December and again in of 1998 and 1999**. . . .
>
> Jerry Hillburn was helping me to make a legit transfer along with Chris L. Devine into my legal social security account on the grounds of working under a school honor mention under employee identification number ****370 and ****370 these services were honor under penalty code and service I conduct myself in a well manor.
>
> Request for Relief: To receive full compensation as time service on eligibility to retain work history and hedge fund.

(*Id.*, emphasis added). Defendants Divine and Hillburn were served with process (Doc. 6, 7), and they entered appearances and moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted (Doc. 8, 9, 10, 11, 19, 20, 26).[2]

After the filing of the dismissal motion, plaintiff filed a second Amended Complaint (Doc. 12). The Court granted a Motion to Strike that pleading, because plaintiff filed it without leave to amend or consent of the defendants, as required by Fed. R. Civ. P. 15(a)(2). (Doc. 22). In that Order, the Court informed plaintiff that she should not file any further amendments or additions to her allegations without first seeking leave. (*Id.* at 2).

Plaintiff also filed a document titled "Plaintiff moves to proceed" (Doc. 21), which the Court construed as a motion for hearing. In that filing, plaintiff referenced the Fair Labor Standards Act and she averred additional new facts, including the following:

> I am holding Albertson responsible for the transfer of work history form one company logo to the next in 1996 Albertson changed its name to Albertson's after which allow the employees to invest in a fund the Cerberus Capital Management

---

[2]   Teri King is still named as a defendant in the Amended Complaint, but there is no indication that King was ever served with summons and/or the Amended Complaint.

by making deductions from the pay roll check. I am asking the defendant to make representative necessary for me to seeking the wage compensation in the form of W-2 and W-4 verification as to where is the rest of my monies. The manager whom hired Markesha Monique Chase on November 30th 1995 is Chris L. Divine under Section 13(a)(1) of the FLSA it provides an exemption for both minimum wage and overtime pay for employees employed as bona fide executives, administrative professional and outside sales employees etc. Chris L. Divine had the authority to hire or fire other employees dealing in the matter of wage and labor statue under federal law along with the recommendations of hiring a new employee for Albertson: Albertsons. He is what we called the Front End Manager of the grocery store whom current aid in the promoted wellness in customers shopping. Chris L. Divine made the arrangement with me to file the necessary paperwork to make the deduction from my payroll check into account with Albertson's. . . . Under the law of wage and labor I am protected and entitle to make a claim to receive benefits due at the time of employment. . . . On Exhibit A it will show a regular earning of 560.00 and a payment of 324.00 for the work week with the deduction to Cerberus there was a total saving of 236.00 invest into a managerial account with wage garnishment I have failed to receive correspondence from Albertson SuperValu pertaining to the ledger of my account shares I would like recognition of the holding and be provide with claim information. . . . [3] I am protected as an employee under Section 6(a)(1) of the Fair Labor Standard Act of 1938 it protects employees by limiting the amount of earning that maybe garnished in any work week or pay period to the less of 25 percent to the disposable earning or the amount by which disposable earning are greater than 30 times the federal minimum hourly wage prescribed by Section 6(a)(1) the Fair Labor Standard Act of 1938. . . . I have failed to receive correspondence for the Albertson and would like to make a request to the judge for a hearing before the courts and bring in the defendant as a material witness who can contest to my employment as being nonvoid. I would like to retain funds "monies" to aid in the equity of assets on my account. Jerry D. Hillburn, Chris L. Divine, Teri King are being summons because they were all managers. On the grounds of coverage to insure I recovery all lost "wage of compensation and garnishment," I would like for Albertson to review the bookkeeping records to make arrangement for a payment agreement to remain consist under law with the Labor Department of Oklahoma I need a sworn testament stating I worked for Chris L. Divine and Jerry D. Hillburn alongside Teri King. I am here today to contest my work history were I contributed a time share of sweat for 40 hours a week for a total of 160 hours in a month in November 30th 1995, 1996, 1997, and until April 25, 1999. (Doc. 21).

---

[3] The attachment to the Second Amended Complaint (which was stricken) is not consistent with plaintiff's claim that the document "will show a regular earning of 560.00 and a payment of 324.00 for the work week." Instead, the document reflects a "rate of pay" of 560.00 and "first day worked" as 3/24/98. (*See* Doc. 12 at 7 of 9).

3

The Court held a hearing on the Motion to Dismiss. At the hearing, plaintiff clarified that she worked at a Tulsa Albertsons between 1995 and 1999, and she explained that her complaint is based upon a transfer of hours while she was employed. She wants to "retain work history" relating to 1995 through 1997, and she indicated that she is seeking recovery for harm she allegedly suffered in 1995 through 1999. She stated (as suggested by her in certain filings) that she has named Mr. Hillburn and Mr. Divine only because she wants them to be *witnesses*, rather than to make any claims for losses against them. She also acknowledged that her allegations relate only to losses she believes she suffered in the 1995-1999 time frame and alleged that, in April 1999 before she stopped working at Albertsons, she talked to Jerry Hillburn about her work history and retaining information regarding Cerberus's offering of a "hedge fund." Plaintiff repeatedly advised that the last date of action which is relevant to her claims is 1999.[4]

There was discussion at the hearing as to whether Albertsons has been served with summons and Complaint, and it appears to the Court that it has not. First, the complaint at issue (the Amended Complaint) does not name Albertsons, although plaintiff referred to the company in other filings. Second, while a summons was issued at plaintiff's request and addressed to "Albertson," there is no return of service reflecting service of that particular summons. (*See* Doc. 15). Instead, there is a return of summons that was addressed to CT Corporation. (Doc. 13). In any event, plaintiff acknowledged that, if Albertsons were in the case, her claim against it would be based on the same facts and conduct which she alleges occurred from 1995 to 1999.

For the reasons herein, the Court concludes that this action should be dismissed, and any further amendments by plaintiff, whether to add facts or additional parties, would be futile.

---

[4]   While many of the foregoing facts are not set forth in the Amended Complaint which is at issue, the Court is mindful that plaintiff is acting pro se and so these additional facts are recited here in order to include the basic facts which plaintiff has attempted to allege in this case.

**II.     General Standards Governing Motion to Dismiss**

In examining a complaint upon consideration of a motion to dismiss, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The standards applicable to dismissal for failure to state a claim apply where it is alleged that claims are barred by a statute of limitations. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v.. Kerner,* 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, a district court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991); *see also United States v.*

*Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir.1997).

A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *See Grossman v. Novell, Inc.,* 120 F.3d 1112, 1126 (10th Cir.1997). Dismissal of a claim, with prejudice, is also appropriate where the claim is barred by a statute of limitations. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1181, 1193 (10th Cir. 2010) (affirming dismissal with prejudice of claims based on allegations showing claims were barred by statute of limitations).

## III. Discussion

In her Amended Complaint, plaintiff did not identify any legal basis for any claims, and the facts she asserted do not set forth any plausible claim. Despite numerous filings, an amendment, and a hearing at which she was provided an opportunity to describe a plausible claim, plaintiff's allegations are unclear and do not identify any particular wrongdoing by any of the defendants or proposed defendants. Moreover, as to the defendants who were served and

have appeared (Messrs. Divine and Hillburn), plaintiff described them in filings and at the hearing only as witnesses, confirmed that she merely wanted them as witnesses to testify that she worked for Albertsons, and indicated that she does *not* wish to proceed against them on any claims. Accordingly, construing her factual allegations as true and in a light most favorable to her, the Amended Complaint fails to state any claim upon which relief can be granted.

In addition, assuming the Amended Complaint stated any cognizable claim for relief (which it most assuredly does not), it is clear from the face of the Amended Complaint, as well as plaintiff's other filings and her assertions at the hearing, that the actions of which she complains occurred no later than April 1999, **14 years before she initiated this action on April 15, 2013**. In filings following the Amended Complaint, plaintiff made passing references to the Fair Labor Standards Act and wage law in general, but has not identified any particular claim, or facts that would support a claim, under the Act. Assuming she had, such a claim would be barred by the statute of limitations for wage claims. *See* 29 U.S.C. § 255 (two year statute of limitations generally applicable; three year limitations period governs willful violations). As a result, any additional amendments would be futile. Because plaintiff also acknowledged that the same factual allegations and timeline would apply to any claims she would assert against Albertsons, amendment would be futile, and leave to amend will be denied.

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by defendants Chris L. Divine and Jerry D. Hillburn (Doc. 10, 26) is **granted**, and this action is **dismissed with prejudice**. This action is terminated.

IT IS SO ORDERED this 17th day of June, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

7